IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNELL WICKWARE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-424-D |
| ) | |
| JOHNS MANVILLE, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

Before the Court is Defendant's Motion to Strike Plaintiff's Brief in Response and Objection to Defendant's Motion for Costs as Untimely [Doc. No. 55]. Plaintiff has responded in opposition to the Motion to Strike, which is fully briefed.

The Court granted summary judgment to Defendant on November 7, 2014, and Defendant filed its Bill of Costs on November 18, 2014, pursuant to Fed. R. Civ. P. 54(d)(1) and LCvR54.1. Plaintiff did not file an objection within the 14-day period set by LCv54.1 but, instead, filed a response brief within the 21-day deadline applicable to motions under LCv7.1(g). For this reason, Defendant moves to strike Plaintiff's filing as untimely. Defendant argues that LCv54.1 establishes an inflexible deadline and Plaintiff waived any objection to its Bill of Costs by failing to meet the deadline. Plaintiff concedes that his counsel made a filing error and asks the Court to allow his objection to be considered by the Clerk at the hearing set for January 29, 2015.

The Court is authorized by the Federal Rules of Civil Procedure to extend a filing deadline, subject to certain exceptions not applicable here, "on motion made after the time

has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). However, Plaintiff has neither filed a proper motion for relief under Rule 6(b), nor does he contend that his counsel's error constitutes excusable neglect.[1] Further, were the Court to reach the issue of whether to excuse Plaintiff's late filing, the Court would find that Plaintiff has failed to demonstrate the delay was caused by excusable neglect.

The Supreme Court has held that a finding of "excusable neglect" within the meaning of Rule 6(b)(1)(B) should take into account "all relevant circumstances." *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[2] "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer*, 507 U.S. at 395). These factors do not carry equal weight; "fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." *Torres*, 372 F.3d at 1163 (internal quotation omitted).

The circumstances presented in this case include a short period of delay and no suggestion of bad faith. Defendant has not identified any substantial prejudice caused by

---

[1] Plaintiff purports to combine with his response in opposition to Defendant's Motion to Strike, his own "Motion to File Out of Time." This filing violates LCvR7.1(c), which requires a motion to be a separate document and clearly states: "A response to a motion may not also include a motion or a cross-motion made by the responding party." The filing also does not comply with LCvR7.1(h) regarding requests for extensions of time.

[2] The Supreme Court was considering Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which contains a provision substantially similar to Rule 6(b)(1)(B).

Plaintiff's delay; Defendant argues only that its counsel will need to appear at the hearing on costs if a written objection is filed. However, the sole reason for the delay is that Plaintiff's counsel confused the filing deadlines for responses to motions and objections to bills of costs. In *Pioneer*, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 391. Applying *Pioneer*, the court of appeals held in *Torres* that a district court abused its discretion in finding a defendant's delay in filing a notice of appeal was the result of excusable neglect under similar circumstances, where the reason for the delay "was simply that defense counsel confused the filing deadlines for civil and criminal appeals." *Torres*, 372 F.3d at 1163. Following *Torres*, the court of appeals has held: "Because it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b), the district court acted well within its discretion in refusing to consider [a prevailing plaintiff's] untimely motion" for attorney fees and costs. *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

In this case, for the reasons that Plaintiff has not properly sought relief under Rule 6(b)(1)(B) and he has failed to establish excusable neglect, the Court finds that Plaintiff's late filing of a written objection to Defendant's Bill of Costs should not be permitted.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Brief in Response and Objection to Defendant's Motion for Costs as Untimely [Doc. No. 55] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Brief in Response and Objection to Defendant's Motion for Costs [Doc. No. 54] is STRICKEN and shall be disregarded.

IT IS SO ORDERED this  8th  day of January, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE