IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNELL WICKWARE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNS MANVILLE, )<br>)<br>Defendant. ) | Case No. CIV-13-424-D |

## **O R D E R**

Before the Court is Plaintiff's Rule 59 Motion for New Trial and/or Reconsideration [Doc. No. 53], filed December 5, 2014, pursuant to Fed. R. Civ. P. 59(e). Plaintiff seeks relief from the summary judgment entered in Defendant's favor on November 7, 2014. Defendant has timely opposed the Motion, which is fully briefed and at issue.

In this timely-filed Rule 59(e) motion, Plaintiff asks the Court to reconsider its ruling that he failed to demonstrate a genuine issue of material fact concerning whether Defendant's decision to remove Plaintiff from his designated position of relief operator – and thus reduce his level of pay under a newly-implemented wage plan – constituted discrimination on the basis of disability in violation of the the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* (collectively, the "ADA"). Plaintiff recognizes that the proper grounds for reconsideration are narrow, but he asserts that relief is warranted here "[b]ecause there is a need to correct clear error and prevent manifest injustice." *See* Motion, p.1.

1.      **Failure to Rule on Plaintiff's Motion to Compel**

Plaintiff asserts that the Court erred by failing to rule on a pending motion to compel discovery before issuing its summary judgment ruling. Plaintiff relies on an affidavit of his attorney submitted in support of the motion to compel and a footnote in the brief he filed in opposition to summary judgment stating he "reserve[d] the right to supplement this response based on the Court's ruling on his Motion to Compel Deposition Testimony." *See* Pl.'s Resp. Br. Def.'s Mot. Summ. J. [Doc. No. 40], p.1 n1.

Plaintiff filed the motion to compel after Defendant moved for summary judgment. Plaintiff did not, however, seek the protection of Rule 56(d), which provides a mechanism for deferring a summary judgment ruling or obtaining necessary discovery. Instead, after obtaining a 13-day extension of time due to his counsel's press of business and deadlines in other cases, Plaintiff filed his summary judgment response and accompanying materials. In the above-quoted footnote, Plaintiff referred to Rule 56(d) but he made no effort to comply with its requirement that a nonmovant show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d). The affidavit of counsel to which Plaintiff now points did not satisfy this requirement. In it, counsel merely stated that the deposition testimony sought by the motion was "vital" to properly preparing and presenting Plaintiff's case; he did not state that Plaintiff could not oppose the motion for summary judgment without it. *See* Pl.'s Mot. Compel, Ex. 3 [Doc. No. 33-3]. To the contrary, Plaintiff affirmatively stated in the footnote of his response brief that he "believe[d] there is sufficient evidence presented to deny summary judgment." *See* Pl.'s Resp. Br. Def.'s Mot. Summ. J. [Doc. No. 40], p.1 n1.

The fact that the Court found otherwise does not mean it was error to require Plaintiff and his counsel to follow the applicable procedural rules. Tenth Circuit law is clear: "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) [now Rule 56(d)] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833-34 (10th Cir. 1986); *accord Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Where a party desires additional discovery before a summary judgment ruling, the party "must present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'" *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). The court of appeals has expressly held that it is not error to grant summary judgment without ruling on a motion to compel where the nonmovant fails to comply with Rule 56(d). *See Universal Money Centers, Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1536 (10th Cir. 1994).

Plaintiff also did not file a motion asking the Court to rule on the motion to compel before a dispositive ruling or requesting an opportunity to supplement his summary judgment response, as suggested by the footnote in his brief.[1] Plaintiff's counsel is an experienced attorney well-versed in federal motion practice, which is the appropriate means for obtaining judicial action. The Court's

---

[1] There was certainly ample time and reason for doing so. More than six months passed between the time the motion for summary judgment was fully briefed and the Court issued its summary judgment ruling. The deadline to complete discovery had also passed. Plaintiff had an additional reason for filing a motion to supplement, as discussed *infra*, in that he later obtained deposition testimony that he now says was important to his case.

local rules require that a motion must be filed as a separate document, and expressly state: "A response to a motion may not also include a motion or a cross-motion made by the responding party." *See* LCvR7.1(c). Absent a separate motion to delay a summary judgment ruling or to request action on the motion to compel, it was not error for the Court to proceed with issuing a decision.

Finally, Plaintiff's claim of error and manifest injustice assumes a favorable ruling on his motion to compel additional deposition testimony from Defendant's representatives who were involved in the challenged employment decisions – the human resources manager and the plant manager. Plaintiff proposed to question them about conversations with Defendant's attorney about Plaintiff and his request for accommodation of medical restrictions. The attorney was in-house counsel regarding employment law matters. Defendant timely asserted a claim of attorney-client privilege when the deponents were asked what they discussed with the attorney. In light of Defendant's response to the motion to compel, which was accompanied by declarations of the deponents made under penalty of perjury that they were seeking legal advice about the ADA and compliance with it in Plaintiff's situation, the Court is not persuaded that Plaintiff's motion to compel should have been granted.

**2.      New Evidence Previously Unavailable**

Plaintiff contends reconsideration is also warranted because he obtained what he believes to be favorable testimony from a witness who was deposed after Plaintiff filed his summary judgment response. There are several problems with this contention. First, the deposition was taken after the discovery cut-off without seeking leave of Court to extend the deadline or to depose the witness out of time. To obtain reconsideration based on new evidence, a party must show a diligent

effort to discover the evidence in a timely manner. *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523-24 (10th Cir. 1992); *see also Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153-54 (10th Cir. 2012). Plaintiff's failure to comply with the case management schedule set by the Court suggests a lack of reasonable diligence. More importantly, the fact Plaintiff did not know of the testimony when he filed his response brief did not prevent him from seeking leave to add it to the summary judgment record before the Court issued its ruling. The deposition testimony on which he now wishes to rely was given three days after his response brief was filed, and more than six months before summary judgment was entered. Thus, Plaintiff has not shown that the evidence is newly discovered.

Although not a matter of new evidence, Plaintiff also argues that the Court erred in not considering an affidavit he submitted in opposition to summary judgment from an individual whom Plaintiff had not previously disclosed as a potential witness. He asserts that there is no requirement that an affiant be listed as a trial witness. While this may be true as a general proposition, it is not true under the circumstances of this case. Rule 37(c)(1) provides, and it was expressly stated in the Scheduling Order [Doc. No. 18], that a witness who is not identified in a party's final witness list will not be permitted to testify at trial. Defendant objected to the affidavit of the undisclosed witness on this basis. Yet Plaintiff made no effort to justify his lack of disclosure or to cure it by asking to amend his witness list before summary judgment was granted, as now argued in support of reconsideration. Plaintiff is simply asking the Court to consider an argument that he could have made, but did not, before the entry of summary judgment.

For these reasons, the Court finds that Plaintiff has failed to provide a sufficient justification for reconsideration of the summary judgment ruling.

IT IS THEREFORE ORDERED that Plaintiff's Rule 59 Motion for New Trial and/or Reconsideration [Doc. No. 53] is DENIED.

IT IS SO ORDERED this  26th  day of January, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE